## CIRCUIT COURT OF FAIRFAX COUNTY

Borrasca

v.

American Honda Motor Co., Inc.

### Case No. (Law) 99960

BY JUDGE WILLIAM G. PLUMMER

#### March 11, 1992

This case was tried to a jury on August 21, 22, 26, and 27, 1991. The verdict was for $20,923.67 with reference to damages other than attorney's fees, costs, and expenses. The parties stipulated that the Court would determine the award on those remaining issues.

Mr. Swann has submitted his itemized time sheets and the claims for expert witness fees, other expenses, and costs. Honda does not challenge the hourly rate of $145 used by Mr. Swann but challenges the reasonability of the amount of time claimed, the charges of what would be overhead expense of a law office, and what they believe is unnecessary expense for expert witnesses.

Plaintiff claims the following:

| | |
|---|---|
| Attorney's fee (267 hours) | $38,715.00 |
| Expenses and costs | 3,347.68 |
| Expert witness expenses | 11,986.91 |
| Total: | $54,049.59 |

This case was filed under the Virginia Motor Vehicle Warranty Enforcement Act (§ 59.1–207.11 et seq.) and the Magnuson-Moss Warranty Act (15 U.S.C. 2301 et seq.). Combined, the Acts call for the award of "reasonable" attorney's fees, expenses, and costs.

In his "declaration," Mr. Swann states that he has "handled approximately fifty cases in the area of motor vehicle warranty law and automobile fraud since 1988," and that he is "frequently . . . requested to consult with Virginia attorneys and governmental consumer agencies on numerous, similar matters."

In spite of this intensive experience, a claim is made for more than seventy-eight hours of preparation time for August 16 to 26, 1991, (before trial and during trial) and charges of $11,310 for that time. For each of the trial days, he is claiming time beginning at 7:00 to 7:45 a.m. to 5:30 to 6:00 p.m. for a total of more than 43 hours or some $6,235.00. On each of the four trial days, we were in court from 10:00 a.m. to 4:30 to 5:00 p.m.

The total time claimed for August 16 through August 27, 1991, is 122 hours or the average of 12.2 hours per day, including Saturdays and Sundays. The Court cannot conclude that all this time spent nor some of the time spent over the period this case has been pending was reasonable or necessary.

Counsel hired three automotive experts, and two testified at trial. The third, Robert Baldwin, who had possession of the vehicle for over one month using it for personal errands, could not arrive at an opinion, and was never called to testify. Plaintiff claims $3,365.16 for this expert. A claim is made for $85 to an attorney, John Gayle, Esq., regarding reasonability of Mr. Swann's hourly rate. The rate has not been contested.

A number of the miscellaneous expenses claimed are part of what would be normal law office overhead or are not supported by any itemization or documentation.

Considering the entire record, the Court makes the following award:

| | |
|---|---|
| Attorney's fees | $24,390 |
| Expenses and costs | 1,326 |
| Expert witness expenses | 8,537 |
| Total: | $34,253 |

Final judgment will be entered for that amount, plus the jury verdict of $20,139.59, together with interest from August 27, 1991.

### April 16, 1992

This matter was tried to a jury in late August, 1991, and the jury returned a verdict for Plaintiff in the amount of $20,923.67. Thereafter,

the Court awarded Plaintiff $34,253.00 for attorney's fees and expenses. The Court has recently received correspondence from counsel for both parties concerning Plaintiff's Motion for Sanctions, which Plainiff considers to remain outstanding. For the following reasons, the Court denies Plaintiff's motion.

When the Court considered the issue of attorney's fees and expenses prior to issuing an opinion letter on March 11, 1992, Plaintiff's counsel submitted itemized time sheets and claims for expert witness fees, other expenses, and costs related to this litigation. The court gave considerable attention to those itemized fees and expenses prior to fashioning an award. In his current Motion for Sanctions, counsel for Plaintiff has simply resubmitted fees and costs that were included in his earlier itemization. As I believe the Court's previous award of fees and expenses fairly compensated the Plaintiff for those fees and expenses represented in the previous itemization, I decline to revisit those items. Accordingly, I deny Plaintiff's Motion for Sanctions.